## NELSON FIELD *v.* G. W. PASCAL ET AL.

**Landmarks—Boundaries—Establishment by Long Recognition—Lands and Conveyances.**

Where the original owners of lands recognize a specific line or landmark in conveyances, as a boundary, and their vendees for more than twenty-five years afterwards, accepted and used such recognition, such a boundary will not be disturbed. Such boundary will not be effected by a junior conveyance, attempting to go beyond the line, a prior conveyance having included the land in the junior one, down to the boundary in controversy.

May 29, 1868.

APPEAL FROM FULTON CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This controversy is as to the boundary between sections 29 and 32, running east and west, of Township 1, Range 2 west, in Fulton county.

There is a question as to granting a new trial, rather setting aside a judgment, at a subsequent term on a petition without process, but as the real party in interest, and the one to be affected by the judgment, was not before the court when it was rendered

and would not really be concluded by it, because as to him it must be regarded as a nullity, the question is of no practical importance.

If this case was to be controlled solely by the original boundaries of the sectionizers, the probabilities are that both parties are in error.

The county was sectionized by the running of lines one mile apart, North and South, and making the half mile and mile corner, or putting up stakes, through each township of six miles square. Therefore the South and North boundaries of the section were not ran and marked by the original surveyors, but they were left to be ascertained by the corners fixed in the East and West parallel lines, made by running North and South through the township; hence there were many inaccuracies, mistakes and oversights in the original sectionizing.

It is evident from the report, survey and diagram of F. M. Ray, made in this case, that there is great irregularity in the size of the sections, as now recognized, beginning on the State line running North, on the Eastern parallel line of these sections, 32 being only 253 2-5 poles, whilst 29 immediately north of it is 336 poles, and 20 still north of it is 339 poles broad. And this too in the absence of any very satisfactory evidence of where the original corners stood, save the Northeast corner of section 20 at S on the diagram.

But this case, as we conceive it, is not to be controlled at this late date by the real status of the original corners, as we will proceed to show.

Ben Con, as early as January 17, 1832, obtained title from N. H. Buckley to 505 acres of section 29, and being the whole of it except what Craig owned in the northwest corner thereof. Whilst some of the boundaries are given in this deed, it is evident that but parts of its lines had been surveyed.

Some time during Wm. Cochran's life, and most probably at the time he bought this land of Buckley, as this is the only transaction mentioned in the record between them, Con agreed with Buckley to make Cochran a quit claim to 40 acres of this land *"on the North of said Cochran's land,"* as appears from the recitals of Con's deed to Cochran's heirs of August 4, 1836. Wm. Cochran then owned the Northeast quarter of section 32, but died before the date of said deed.

Nelson Field, M. L. Henning, Burrell Phillips and Cochran's heirs being the owners of the respective quarters of section 32,

had it surveyed in June, 1834, by Stephen Ray, the deputy county surveyor, and their respective tracts designated by marked boundaries. Ray then at their instance and for them divided the section into four equal parts of 142 acres each, as appears from his plat and report.

This plat and report shows that he fixed the Northeast corner of said section 251 poles from the State line, and the proof clearly establishes that it was the three post oaks, corner, designated on F. M. Ray's diagram, but a few rods from the asserted Maple corner, and that he then ran and marked the northern boundary of the section to the Red Oak corner marked F in the last named diagram, which he fixed as the northwest corner of the section.

The line established by him from the three post oaks, as the northeast corner of the section, south to the State line was doubtless east of the true line, but, Ben Con, Nelson Field and Joshua Smith being the parties most seriously affected entered into a written compromise dated June 18, 1834, by which said corner and line was to stand and the parties injuriously affected were paid an agreed consideration.

The boundaries were thus ascertained by actual survey, and marked lines made designating not only the boundaries of the section but of each quarter, when Ben Con in 1836 made a special warranty deed to Cochran's heirs to the 40 acres immediately in the southeast corner of section 29, reciting the Maple as the beginning corner, and setting out the boundaries. Cochran's heirs it may reasonably be presumed entered into some kind of division previous to November 12, 1855, for December 5, 1854, E. A. Craig, O. A. Cochran and S. J. Cochran deeded to Elizabeth Plummer the 40 acres deeded by Ben Con to Cochran's heirs reciting the Maple as the beginning corner and giving the boundaries as in Con's deed.

And November 12, 1855, Orlando Cochran deeded to B. F. Con the east half of said northeast quarter of section 32, reciting that it contained *"by survey* and calculation 80 acres more or less," and this is its only description of boundary. No objection seems ever to have been made to these several conveyances.

February 6, 1855, Elizabeth Plummer conveyed said 40 acres to Martha A. Connelly and Susan D. Plummer, and the appellee Pascal, claims to be their vendee by title bond previous to bringing this suit in the year 1860.

In the year 1834, the owners of section 32 caused it to be sur-veyed and divided between them by Stephen Ray as deputy for J. W. Gibson the county surveyor and doubtless the lines were then marked though his certificate and diagram of survey, and evidence in the record throws but little light on the subject, as he only gives courses and distances without designating objects as corners or boundaries; but the great weight of evidence establishes that the three post oaks designated in F. M. Ray's diagram, who made a survey under order of court herein, was then established by com-promise between the owners of section 32 and Ben Con who owned the adjoining land in section 33, as the corner to said sections. Whether Stephen Ray ran thence by the Maple corner some small distance west of the three post oaks and on the said lines upon which corners are marked or on the dotted line to the red oak as the northwest corner of section 32, as designated on F. M. Ray's diagram, is somewhat uncertain; still M. L. Hening who owned one of the quarters of section 32, states that the line was so run, and Linder proves that Wm. Cochran who owned the northeast quarter of said section recognized said Maple as a boundary.

Ben Con in his deed to Cochran's heirs makes the Con Maple a boundary, and Cochran's heirs in their deed to Elizabeth Plummer also make it a boundary, and Orlando Cochran is a vendor in this deed which is prior in date to his deed to B. F. Con. So that the weight of evidence, the deeds and acts of the parties tends to establish the Maple as a boundary, and it being so established, whether as a corner or line tree, matters but little in this con-troversy, for its establishment as either, fixes the line from it to the Red Oak being the Northwest corner of the section as the true line.

As W. Cochran, deceased, really was the owner of both sides of the line at the Maple when Stephen Ray surveyed the land in 1834, and recognizing it as a boundary and his heirs subsequently acting on this same recognition and by their first deed in selling the 40 acres designating it as a boundary, their subsequent vendees are bound thereby however erroneous it may originally have been, for after more than 25 years recognition and acting on it as a boundary and rights of vendees having accrued and attached on account of such recognition, and especially as those who then owned both sides of the disputed line sold and deeded up to it as a boundary, it is too late now to disturb it and especially cannot a

prior conveyance be so disturbed by a junior one, for at the time Orlando Cochran conveyed to B. F. Con, had he attempted in direct language to go north of said Maple, both he and Con would have been estopped from so doing by his deed to Elizabeth Plummer under whom Pascal holds, but no boundaries are designated in his deed to Con further than is implied in the expression that it contains 80 acres by "survey and calculation."

It is also proven that Field after his purchase, by the consent of Mrs. Plummer, joined his fence to hers in order to protect his then growing crop, with an express promise to build a fence in the autumn on his own land, so as to separate their enclosures.

B. F. Con could only get O. A. Cochran's rights whatever they were, by his deed and Field could only succeed to B. F. Con's rights. O. A. Cochran being one of the vendees to Mrs. Plummer and selling all north of the Maple and designating it as a boundary before he sold to B. F. Con, had nothing to convey to him north thereof had he attempted to do so.

It seems to us therefore that the judgment is right, and it is therefore affirmed.

*Bramlette & Son, for appellant.*

*Rodman & Bradley, for appellees.*